PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL ALUMINUM<br>MFG. COMPANY, | )<br>)<br>) | CASE NO. 5:21MC048 |
| Movant, | )<br>) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | )<br>) | |
| MARTIN J. WALSH, *etc.*, | )<br>) | **MEMORANDUM OF OPINION**<br>**AND ORDER OF DISMISSAL** |
| Respondent. | ) | [Resolving ECF Nos. 1, 5, and 7] |

Pending is Respondent Martin J. Walsh, Secretary of Labor's Motion to Dismiss (ECF No. 5) pursuant to Fed. R. Civ. P. 12(b)(1). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Court grants the motion.

**I.**

On July 15, 2021, Respondent issued Administrative Subpoenas *Ad Testificandum* (ECF Nos. 1-2 and 1-3) pursuant to the Secretary's authority to enter, inspect, and investigate places of employment, which includes requiring the attendance and testimony of witnesses under 29 U.S.C. § 657. On July 27, 2021, Movant General Aluminum Manufacturing Company initiated the above-entitled pre-enforcement action by filing a Motion to Quash or for Protection From Subpoena (ECF No. 1) on the Court's miscellaneous docket. ECF No. 1 does not identify either a basis of subject-matter jurisdiction or an applicable wavier of sovereign immunity permitting an affirmative suit against Respondent. The subpoenas are directed to managers of Movant and to its holding company, Park Ohio Holdings Corporation ("Park Ohio") as part of an

(5:21MC048)

investigation into health and safety issues. The subpoenas require Craig Schlaugh, Director of General Operations for Movant, and David Hill, Director of Environmental Health and Safety for Park Ohio, to appear and testify regarding their knowledge of working conditions at Movant's facility in Ravenna, Ohio.

## II.

Respondent correctly argues that the district court is without subject-matter jurisdiction over Movant's pre-emptive claims in the case at bar. The Occupational Safety and Health Act ("OSH Act") expressly authorizes the bringing of original actions in the U.S. District Court in only a few situations. None of these includes the bringing of pre-enforcement actions by employers in the district court. *See, e.g.*, 29 U.S.C. § 657(b) (actions by the Secretary to enforce administrative subpoenas).

It is to be noted that in August 2021, the Secretary filed a Petition to Enforce Administrative Subpoenas *Ad Testificandum*, which remains pending. *See Walsh v. General Aluminum Manufacturing Company, et al*, No. 5:21MC0067 (N.D. Ohio filed Aug. 31, 2021) (Oliver, J.). Movant can therefore raise its procedural and substantive objections to the Administrative Subpoenas *Ad Testificandum* (ECF Nos. 1-2 and 1-3) in that adversary proceeding filed by the Secretary. *See Reisman v. Caplin*, 375 U.S. 440, 446 (1964) (an enforcement action "afford[s] a judicial determination of the challenges to the [administrative] summons"); *Fleet/Norstar Fin. Group, Inc. v. S.E.C.*, 769 F. Supp. 19, 20 (D. Me. 1991); *Atlantic Richfield Co. v. F.T.C.*, 546 F.2d 646, 651 (5th Cir. 1977) (objections to investigatory subpoena to obtain allegedly material information should be resolved in the enforcement and adjudicative proceedings initiated by administrative agency).

(5:21MC048)

"It is well established that pre-enforcement challenges to administrative subpoenas are not ripe for judicial review. Administrative subpoenas are not self-executing, that is, they are only binding upon court order." *Sight v. Resolution Trust Corp.*, 852 F. Supp. 28, 29 (D. Kan. 1994). As a leading administrative law treatise states: "Due to lack of jurisdiction, the courts will not entertain motions brought by the subpoenaed party to quash or modify subpoenas. . . . Since agencies lack the power to enforce their own subpoenas, they must apply to the district courts for enforcement. Only then may substantive or procedural objections to the subpoena be raised for judicial determination. Stein, Mitchell, and Mezines, *Administrative Law*, 21.01(1) at 21-4 (1990).

In *Ne. Erectors Ass'n of BTEA v. Sec'y of Labor*, 62 F.3d 37 (1st Cir. 1995), the court of appeals held that the district court was without subject-matter jurisdiction over the plaintiff's estoppel-based pre-enforcement action. *Id.* at 39, 40; *see also* HA&W Wealth Mgmt., LLC v. United States Dep't of Lab., Emp. Benefits Sec. Admin., No. 1:16-cv-04446-RWS-RGV, 2017 WL 11113756, at *2 (N.D. Ga. Feb. 8, 2017) (finding that *Reisman* controls the disposition of the Secretary of Labor's administrative subpoena and motion to dismiss), *report and recommendation adopted*, No. 1:16-CV-04446-RWS-RGV, 2017 WL 11114470 (N.D. Ga. April 6, 2017). "One of the most firmly established principles of administrative law is that courts cannot entertain pre-enforcement challenges to administrative subpoenas." *Lopes v. Resolution Trust Corp.*, 155 F.R.D. 14, 15 (D.R.I. 1994).

### III.

Accordingly, Respondent's Motion to Dismiss (ECF No. 5) is granted, and Movant's Motion to Quash or for Protection From Subpoena (ECF No. 1) is dismissed without prejudice.

Case: 5:21-mc-00048-BYP  Doc #: 11  Filed: 09/22/21  4 of 4.  PageID #: 126

(5:21MC048)

Movant's Motion to Consolidate (ECF No. 7) No. 5:21MC0067 with the case at bar is denied as moot. The case is hereby closed.

    IT IS SO ORDERED.

 September 22, 2021                      /s/ Benita Y. Pearson
Date                                       Benita Y. Pearson
                                            United States District Judge